Case 1:08-cv-01007   Document 1   Filed 02/19/2008   Page 1 of 4

EDA

FILED
FEBRUARY 19, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1007

JUDGE ZAGEL
MAGISTRATE JUDGE MASON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BALLARD NURSING CENTER, INC.,

*Plaintiff*,

v.

MID AMERICAN GROUP, INC. and
JOHN DOES 1-10,

*Defendants*.

## NOTICE OF REMOVAL

COUNSEL PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1446(a), Defendant Mid American Group, Inc. ("Mid American"), through its undersigned counsel, hereby removes to the Eastern Division of the United States District Court for the Northern District of Illinois the civil action erstwhile pending in the Chancery Division of the County Department of the Circuit Court of Cook County, Illinois, captioned *Ballard Nursing Center, Inc. v. Mid American Group, Inc. and John Does 1-10*, No. 08-CH-2229, commenced on January 17, 2008 (the "Removed Action"), and pleads the following grounds for removal:

### JURISDICTION

1. Count I of the Complaint filed in the Removed Action alleges a violation by Mid American of Section 227(b)(1)(C) of the Communications Act of 1934, 47 U.S.C. § 227(b)(1)(C), as enacted by Section 3(a) of the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 3(a), 105 Stat. 2394, 2395-96 (1991), and amended by Section 2(a) of the Junk Fax Prevention Act of 2005, Pub. L. No. 109-21, § 2(a), 119 Stat. 359, 359-60 (2005).

2. The Complaint also invokes the right of action set forth in Section 227(b)(3) of the Communications Act of 1934, 47 U.S.C. § 227(b)(3), as enacted by Section 3(a) of the

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 3(a), 105 Stat. 2394, 2396-97 (1991), as authorization for entry of a judgment under Count I enjoining Mid American from committing any future alleged violations of Section 227(b)(1)(C), and awarding actual and statutory damages to the Plaintiff and a putative class.

3.  The Communications Act of 1934, the Telephone Consumer Protection Act of 1991, and the Junk Fax Prevention Act of 2005 are all "laws . . . of the United States" within the meaning of 28 U.S.C. § 1331, and are all "Acts of Congress regulating commerce" within the meaning of 28 U.S.C. § 1337(a).  As set forth above, Count I of the Complaint arises under each (or any) of those laws.  As such, the district courts of the United States have original subject matter jurisdiction over the Removed Action pursuant to both (or either of) 28 U.S.C. §§ 1331 and 1337(a), and removal from State to federal court is authorized by 28 U.S.C. § 1441.  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450-51 (7th Cir. 2005) (holding that the private right of action of 47 U.S.C. § 227(b)(3) arises under the federal question jurisdiction of district courts, 28 U.S.C. § 1331, authorizing removal under 28 U.S.C. § 1441).

4.  Counts II and III of the Complaint allege a violation by Mid American of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and a common law claim for conversion, respectively.  This Court has supplemental jurisdiction over these State law claims pursuant to 28 U.S.C. § 1367(a), because they are so related to Count I as to form part of the same case or controversy under Article III of the United States Constitution.  Therefore the removal of this entire action to federal court is authorized without regard to the citizenship of the parties or the amount in controversy.

**VENUE**

5.  Venue is proper pursuant to 28 U.S.C. § 1441(a), because the Eastern Division of the United States District Court for the Northern District of Illinois is the district and division embracing the place where the Removed Action erstwhile had been pending.

## PROCESS, PLEADINGS AND ORDERS

6.  Hereto annexed as **Exhibit 1** is a copy of the Complaint, the only pleading to have been served upon Mid American in the Removed Action. Upon information and belief, formed by Plaintiff's allegation (Compl. ¶ 5) that it does not know the identity of Defendants John Does 1-10, no other Defendant in the Removed Action has been served with any pleading.

7.  Without admitting either the sufficiency of process, or the sufficiency of service thereof, hereto annexed as **Exhibit 2** is a copy of the Summons that was served upon Mid American in the Removed Action. Upon information and belief, formed by Plaintiff's allegation (Compl. ¶ 5) that it does not know the identity of Defendants John Does 1-10, no other Defendant in the Removed Action has been served with process.

8.  No orders have been served upon Mid American in the Removed Action. Upon information and belief, formed by counsel's review of an online docket of the Removed Action accessible from the website of the Clerk of the Circuit Court of Cook County, Illinois, no orders have been issued by the State court in the Removed Action.

## CONSENT

9.  Defendants John Does 1-10 have not joined in or consented to Mid American's removal of this action. However, Mid American's right to remove this action to federal court is not conditioned upon the joinder or consent of nominal defendants, or defendants not yet served with State court process, *see Shaw v. Dow Brands*, 994 F.2d 364, 369 (7th Cir. 1993); *N. Ill. Gas Co v. Airco Indus. Gases, Inc.*, 676 F.2d 270, 272-73 (7th Cir. 1982), *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968), including unknown, fictitious or "John Doe" defendants, *see Green v. America Online*, 318 F.3d 465, 470 (3d Cir. 2003); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); *Perpetual Bldg. & Loan Ass'n v. Series Directors of Equitable Bldg. & Loan Ass'n Series, No. 52*, 217 F.2d 1, 6 (4th Cir. 1954). Accordingly, no joinder in, or consent to, the removal of this action is required.

## TIMELINESS

10.    Mid American received no sooner than January 25, 2008, a copy of the Summons, and the Complaint from which the removability of this action could first be ascertained.  Because fewer than 30 days have elapsed since Mid American's receipt of the Summons and Complaint, the removal of this action is timely noticed pursuant to 28 U.S.C. § 1446(b).

Dated:  February 19, 2008                              MID AMERICAN GROUP, INC.

                                By:    /s/    *Gregory L. Stelzer*
                                      One of Its Attorneys

Michael K. Desmond (6208809)
Gregory L. Stelzer (6256727)
FIGLIULO & SILVERMAN, P.C.
Chicago, Illinois  60603
Telephone:  (312) 251-4600
Facsimile:  (312) 251-4610