**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BALLARD NURSING CENTER, INC.,

                  *Plaintiff*,

v.

MID AMERICAN GROUP, INC. and
JOHN DOES 1-10,

                  *Defendants*.

Civil Case No. 08-1007

*Honorable James B. Zagel*

*Magistrate Judge Mason*


### ANSWER AND AFFIRMATIVE DEFENSES OF MID AMERICAN GROUP, INC.

Defendant Mid American Group, Inc., through its undersigned attorneys, hereby answers

the Complaint, and pleads its Affirmative Defenses thereto, as follows:


### ANSWER

#### INTRODUCTION

**1.      Plaintiff Ballard Nursing Center, Inc. ("Ballard") brings this action to secure
redress for the actions of defendant Mid American Group, Inc. in sending or causing the
sending of unsolicited advertisements to telephone facsimile machines in violation of the
Telephone Consumer Protection Act, 47 U.S.C., §227 ("TCPA"), the Illinois Consumer
Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.**

    **ANSWER:**    Defendant admits that Plaintiff Ballard Nursing Center, Inc. brings this

action.  Defendant denies the remainder of Paragraph 1.


**2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax
advertising damages the recipients.  The recipient is deprived of its paper and ink or toner
and the use of its fax machine.  The recipient also wastes valuable time it would have spent
on something else.  Unsolicited faxes prevent fax machines from receiving and sending
authorized faxes, cause wear and tear on fax machines, and require labor to attempt to
identify the source and purpose of the unsolicited faxes.**

    **ANSWER:**    Defendant denies the allegations of Paragraph 2.

**PARTIES**

3.    **Plaintiff Ballard is a corporation with offices at 9300 Ballard Road, Des Plaines, Illinois, 60016, where it maintains telephone facsimile equipment.**

**ANSWER:**    Defendant admits that Plaintiff Ballard is a corporation with offices at 9300 Ballard Road in Des Plaines, Illinois.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3; to the extent an answer may be required, Defendant denies those allegations.

4.    **Defendant Mid American Group, Inc., is a corporation that has offices at 760 Pasquinelli Drive, Suite 358, Westmont, Illinois 60559.**

**ANSWER:**    Defendant admits the allegations of Paragraph 4.

5.    **Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 5; to the extent an answer may be required, Defendant denies the allegations of Paragraph 5.

6.    **Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:**
     a.    **Have committed tortuous [sic] acts in Illinois by causing the transmission of unlawful communications into the state.**
     b.    **Have transacted business in Illinois.**

**ANSWER:**    Defendant admits that it has transacted business in Illinois.  Defendant denies the remainder of Paragraph 6.

**FACTS**

7.    **On November 14, 2005, plaintiff Ballard received the unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as

–2–

to the truth of Paragraph 7; to the extent an answer may be required, Defendant denies the allegations of Paragraph 7.  Defendant specifically denies that the fax attached as <u>Exhibit A</u> is an unsolicited advertisement.

**8.    On January 13, 2006, plaintiff Ballard received the unsolicited fax advertisement attached as <u>Exhibit B</u> on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 8; to the extent an answer may be required, Defendant denies the allegations of Paragraph 8.  Defendant specifically denies that the fax attached as <u>Exhibit B</u> is an unsolicited advertisement.

**9.    On September 14, 2006, plaintiff Ballard received the unsolicited fax advertisement attached as <u>Exhibit C</u> on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 9; to the extent an answer may be required, Defendant denies the allegations of Paragraph 9.  Defendant specifically denies that the fax attached as <u>Exhibit C</u> is an unsolicited advertisement.

**10.    On September 21, 2006, plaintiff Ballard received the unsolicited fax advertisement attached as <u>Exhibit D</u> on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 10; to the extent an answer may be required, Defendant denies the allegations of Paragraph 10.  Defendant specifically denies that the fax attached as <u>Exhibit D</u> is an unsolicited advertisement.

**11.    On February 21, 2007, plaintiff Ballard received the unsolicited fax advertisement attached as <u>Exhibit E</u> on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 11; to the extent an answer may be required, Defendant denies the

allegations of Paragraph 11.  Defendant specifically denies that the fax attached as <u>Exhibit E</u> is an unsolicited advertisement.

**12.    On March 27, 2007, plaintiff Ballard received the unsolicited fax advertisement attached as <u>Exhibit F</u> on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 12; to the extent an answer may be required, Defendant denies the allegations of Paragraph 12.  Defendant specifically denies that the fax attached as <u>Exhibit F</u> is an unsolicited advertisement.

**13.    On April 12, 2007, plaintiff Ballard received the unsolicited fax advertisement attached as <u>Exhibit G</u> on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 13; to the extent an answer may be required, Defendant denies the allegations of Paragraph 13.  Defendant specifically denies that the fax attached as <u>Exhibit G</u> is an unsolicited advertisement.

**14.    On April 23, 2007, plaintiff Ballard received the unsolicited fax advertisement attached as <u>Exhibit H</u> on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 14; to the extent an answer may be required, Defendant denies the allegations of Paragraph 14.  Defendant specifically denies that the fax attached as <u>Exhibit H</u> is an unsolicited advertisement.

**15.    On May 15, 2007, plaintiff Ballard received the unsolicited fax advertisement attached as <u>Exhibit I</u> on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 15; to the extent an answer may be required, Defendant denies the allegations of Paragraph 15.  Defendant specifically denies that the fax attached as <u>Exhibit I</u> is an

unsolicited advertisement.

**16.    On June 14, 2007, plaintiff Ballard received the unsolicited fax advertisement attached as Exhibit J on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 16; to the extent an answer may be required, Defendant denies the allegations of Paragraph 16.  Defendant specifically denies that the fax attached as Exhibit J is an unsolicited advertisement.

**17.    On August 16, 2007, plaintiff Ballard received the unsolicited fax advertisement attached as Exhibit K on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 17; to the extent an answer may be required, Defendant denies the allegations of Paragraph 17.  Defendant specifically denies that the fax attached as Exhibit K is an unsolicited advertisement.

**18.    On September 4, 2007, plaintiff Ballard received the unsolicited fax advertisement attached as Exhibit L on its facsimile machine.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 18; to the extent an answer may be required, Defendant denies the allegations of Paragraph 18.  Defendant specifically denies that the fax attached as Exhibit L is an unsolicited advertisement.

**19.    Discovery may reveal the transmission of additional faxes as well.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 19; to the extent an answer may be required, Defendant denies the allegations of Paragraph 19.

**20.    Defendant Mid American Group, Inc. is responsible for sending or causing the sending of the faxes.**

**ANSWER:** Defendant admits that it has caused faxes that resemble Exhibits A through L to be sent. Defendant denies the remainder of Paragraph 20. Defendant specifically denies legal responsibility to the Plaintiff, or to any other person or entity.

**21. Defendant Mid American Group, Inc. as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.**

**ANSWER:** Defendant denies the allegations of Paragraph 21.

**22. Each fax refers to a website registered to defendant Mid American Group, Inc.**

**ANSWER:** Defendant denies the allegations of Paragraph 22.

**23. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.**

**ANSWER:** Defendant denies the allegations of Paragraph 23.

**24. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.**

**ANSWER:** Defendant admits that the faxes have a "remove" number. Defendant denies the remainder of Paragraph 24.

**25. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.**

**ANSWER:** Defendant admits that it has caused faxes that resemble Exhibits A through L to be sent. Defendant denies the remainder of Paragraph 25.

**26. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.**

**ANSWER:** Defendant admits that it has caused faxes that resemble Exhibits A through L to be transmitted to at least 40 persons in Illinois other than Plaintiff. Defendant

denies the remainder of Paragraph 26.  Defendant specifically denies that any of the faxes

attached as Exhibits A through L are unsolicited advertisements.

**27.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.**

**ANSWER:**    Defendant denies the allegations of Paragraph 27.

**28.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.**

**ANSWER:**    Defendant specifically denies that the TCPA required an "opt out notice"

to be provided in any of the faxes at issue, regardless of whether the faxes were sent with consent

or pursuant to an established business relationship.  Defendant denies the remainder of Paragraph

28.

### COUNT I – TCPA

**29.    Plaintiff incorporates ¶¶ 1-28.**

**ANSWER:**    Defendant repeats, realleges and incorporates its Answers to each of

Paragraphs 1 through 28 as if fully set forth herein.

**30.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …" 47 U.S.C. §227(b)(1)(C).**

**ANSWER:**    Defendant denies the allegations of Paragraph 30.

**31.    The TCPA, 47 U.S.C. §227(b)(3), provides:**
        **Private right of action.**
        **A person or entity may, if otherwise permitted by the laws or rules of court**
        **of a State, bring in an appropriate court of that State –**
                **(A)  an action based on a violation of this subsection or the regulations**
                **prescribed under this subsection to enjoin such violation,**
                **(B)    an action to recover for actual monetary loss from such a**

**violation, or to receive $500 in damages for each such violation, whichever is greater, or**
**(C)  both such actions.**
**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.**

**ANSWER:**    Defendant admits the allegation of Paragraph 31.

**32.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the first sentence of Paragraph 32; to the extent an answer may be required, Defendant denies the allegations of the first sentence of Paragraph 32.  Defendant denies the remainder of Paragraph 32.  Defendant specifically denies that the faxes were unsolicited, or that Plaintiff has a statutory right of privacy.

**33.    Plaintiff and each class member is [sic] entitled to statutory damages.**

**ANSWER:**    Defendant denies the allegations of Paragraph 33.

**34.    Defendants violated the TCPA even if their actions were only negligent.**

**ANSWER:**    Defendant denies the allegations of Paragraph 34.

**35.    Defendants should be enjoined from committing similar violations in the future.**

**ANSWER:**    Defendant denies the allegations of Paragraph 35.

## CLASS ALLEGATIONS

**36.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on**

behalf of defendant Mid American Group, Inc., and on or before a date 20 days following the filing of this action, (C) were sent faxes by or on behalf of defendant Mid American Group, Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing, together with an "opt out" notice that complies with federal law.

**ANSWER:**     Defendant admits that Plaintiff purports to bring this claim on behalf of

the class described.  Defendant denies the remainder of Paragraph 36.


37.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:**     Defendant denies the allegations of Paragraph 37.


38.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:
> a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;
> b.     The manner in which defendants compiled or obtained their list of fax numbers;
> c.     Whether defendants thereby violated the TCPA;
> d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.
> e.     Whether defendants thereby converted the property of plaintiff.

**ANSWER:**     Defendant denies the allegations of Paragraph 38.


39.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff or [sic] plaintiff's counsel have any interest which might cause them not to vigorously pursue this action.

**ANSWER:**     Defendant denies the first sentence of Paragraph 39.  Defendant lacks

knowledge and information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 39; to the extent an answer may be required, Defendant denies those allegations.


40.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically

**feasible to bring individual actions.**

**ANSWER:**    Defendant denies the allegations of Paragraph 40.

**41.    Several courts have certified class actions under the TCPA.  Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind. App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga. App.363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).**

**ANSWER:**    Defendant admits the allegation of Paragraph 41.  Defendant specifically

denies, however, that any of the cases cited in Paragraph 41 allowed certification of a private

right of action under Rule 23 of the Federal Rules of Civil Procedure, or that certification is

warranted in this case.

**42.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.**

**ANSWER:**    Defendant denies the allegations of Paragraph 42.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

**43.    Plaintiff incorporates ¶¶ 1-28.**

**ANSWER:**    Defendant repeats, realleges and incorporates its Answers to each of

Paragraphs 1 through 28 as if fully set forth herein.

**44.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.**

**ANSWER:**    Defendant denies the allegations of Paragraph 44.

**45.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law.  720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.**

**ANSWER:**    The allegations of Paragraph 45 call for a legal conclusion to which no answer is required; to the extent an answer may be required, Defendant denies the allegations of Paragraph 45.

46.    **Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.**

**ANSWER:**    Defendant denies the allegations of Paragraph 46.

47.    **Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink and toner consumed as a result.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 47; to the extent an answer may be required, Defendant denies the allegations of Paragraph 47.  Defendant specifically denies that the faxes were unsolicited.

48.    **Defendants engaged in such conduct in the course of trade and commerce.**

**ANSWER:**    Defendant denies the allegations of Paragraph 48.

49.    **Defendants' conduct caused recipients of their advertising to bear the cost thereof.  This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail by only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his had, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like getting junk mail with the postage due."  Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.**

**ANSWER:**    Defendant denies the allegations of Paragraph 49.

50.    **Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.**

**ANSWER:**    Defendant denies the allegations of Paragraph 50.

**51.    Defendants should be enjoined from committing similar violations in the future.**

**ANSWER:**    Defendant denies the allegations of Paragraph 51.

<u>**CLASS ALLEGATIONS**</u>

**52.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant Mid American Group, Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Mid American Group, Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing, together with an "opt out" notice that complies with federal law.**

**ANSWER:**    Defendant admits that Plaintiff purports to bring this claim on behalf of

the class described.  Defendant denies the remainder of Paragraph 52.

**53.    The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.**

**ANSWER:**    Defendant denies the allegations of Paragraph 53.

**54.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.    The predominant common questions include:**
> **a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;**
> **b.    Whether defendants thereby violated the TCPA;**
> **c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.**
> **d.    Whether defendants thereby converted the property of plaintiff.**

**ANSWER:**    Defendant denies the allegations of Paragraph 54.

**55.    Plaintiff will fairly and adequately protect the interest of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff or [sic] plaintiff's counsel have any interest which might cause them not to vigorously pursue this action.**

**ANSWER:**    Defendant denies the first sentence of Paragraph 55.  Defendant lacks

knowledge and information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 55; to the extent an answer may be required, Defendant denies those allegations.

**56.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.**

**ANSWER:**    Defendant denies the allegations of Paragraph 56.

**57.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.**

**ANSWER:**    Defendant denies the allegations of Paragraph 57.

## COUNT III – CONVERSION

**58.    Plaintiff incorporates ¶¶ 1-28.**

**ANSWER:**    Defendant repeats, realleges and incorporates its Answers to each of

Paragraphs 1 through 28 as if fully set forth herein.

**59.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.**

**ANSWER:**    Defendant denies the allegations of Paragraph 59.

**60.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.**

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as

to the truth of Paragraph 60; to the extent an answer may be required, Defendant denies the

allegations of Paragraph 60.  Defendant specifically denies that it ever possessed, or that it ever

deprived the Plaintiff of possession of, any paper, ink or toner.

**61.    By sending the unsolicited faxes, defendants appropriated to their own use**

the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.  Such appropriation was wrongful and without authorization.

**ANSWER:**    Defendant denies the allegations of Paragraph 61.


62.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

**ANSWER:**    Defendant denies the allegations of Paragraph 62.


63.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

**ANSWER:**    Defendant denies the first sentence of Paragraph 63.  Defendant lacks

knowledge and information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 63; to the extent an answer may be required, Defendant denies those allegations.

Defendant specifically denies that the faxes were unsolicited.


64.    Defendants should be enjoined from committing similar violations in the future.

**ANSWER:**    Defendant denies the allegations of Paragraph 64.


<u>CLASS ALLEGATIONS</u>

65.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant Mid American Group, Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Mid American Group, Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing, together with an "opt out" notice that complies with federal law.

**ANSWER:**    Defendant admits that Plaintiff purports to bring this claim on behalf of

the class described.  Defendant denies the remainder of Paragraph 65.

66.    The class is so numerous that joinder of all members is impractical. **Plaintiff alleges on information and belief that there are more than 40 members of the class.**

**ANSWER:**    Defendant denies the allegations of Paragraph 66.


67.    **There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:**

   a.    **Whether defendants engaged in a pattern of sending unsolicited fax advertisements;**
   b.    **Whether defendants thereby violated the TCPA;**
   c.    **Whether defendants thereby committed the tort of conversion;**
   d.    **Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.**
   e.    **Whether defendants thereby converted the property of plaintiff.**

**ANSWER:**    Defendant denies the allegations of Paragraph 67.


68.    **Plaintiff will fairly and adequately protect the interest of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff or** [sic] **plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.**

**ANSWER:**    Defendant denies the first sentence of Paragraph 68. Defendant lacks

knowledge and information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 68; to the extent an answer may be required, Defendant denies those allegations.


69.    **A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.**

**ANSWER:**    Defendant denies the allegations of Paragraph 69.


70.    **Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g., for securities fraud.**

**ANSWER:**    Defendant denies the allegations of Paragraph 70.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Counts I, II and III of the Complaint fail to state any claim against Defendant upon which relief can be granted.  Without limiting the foregoing, Defendant specifically alleges (a) that Count I fails to allege or establish that any of the faxes at issue were unsolicited advertisements within the ambit of Section 227 of the Communications Act of 1934;  (b) that Count II fails to allege or establish that the sending of the faxes was offensive to public policy, was otherwise immoral, unethical, oppressive or unscrupulous, or caused substantial injury to Plaintiff; and (c) that Count III fails to allege or establish any demand for return or possession of the allegedly converted property.

### SECOND AFFIRMATIVE DEFENSE
### (Answer on the Merits)

Defendant repeats, realleges and incorporates herein its Answers to Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

### THIRD AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff gave Defendant prior consent to receive faxes from Defendant.  Plaintiff's consent has never been withdrawn.  Defendant was privileged by virtue of such consent to transmit to Plaintiff each and every fax identified in Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 36(b), 52(b), and 65(b) of the Complaint, and to appropriate all of the paper, ink or toner identified in Paragraphs 2, 32, 47, 60, 61, 62 and 63 of the Complaint to accomplish that purpose.  Plaintiff's prior consent is a full and complete defense, or partial defense, to each or any of Plaintiff's claims against Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Defendant repeats, realleges and incorporates its THIRD AFFIRMATIVE DEFENSE, as

–16–

if fully set forth herein.  Plaintiff had a duty to take reasonable affirmative steps to minimize its damages, and to avoid its damages from becoming unreasonably enhanced.  Defendant admits the allegation of Paragraph 24 of the Complaint that the faxes have a "remove" number.  Plaintiff could have prevented the receipt of each and every fax identified in Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 36(b), 52(b), and 65(b) of the Complaint by which it claims it suffered losses and was damaged, by calling Defendant at the "remove" telephone number listed on the faxes, by withdrawing its prior consent, or by other reasonable efforts that it failed to pursue.  Instead, Plaintiff collected the faxes at issue and remained silent for years, enhancing the damages it seeks to recover from the Defendant.  Plaintiff's failure to mitigate damages, or its deliberate effort to enhance damages, is a full and complete defense, or partial defense, to each or any of Plaintiff's claims against Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (Setoff for Payments of Joint Tortfeasors)

Defendant repeats, realleges and incorporates its THIRD AFFIRMATIVE DEFENSE, as if fully set forth herein.  Upon information and belief, formed by a review of the docket sheets in the list of cases that follow, Plaintiff is a so-called "professional plaintiff" that sues persons who send faxes to it:

*Ballard Nursing Center, Inc. v. G. Avery Enterprises, Inc.*, Civil No. 06-2062 (N.D. Ill.)
*Ballard Nursing Center, Inc. v. Gen. Healthcare Resources, Inc.*, Civil No. 07-5698 (N.D. Ill.)
*Ballard Nursing Center, Inc. v. Accubuilt, Inc.*, Civil No. 08-260 (N.D. Ill.)
*Ballard Nursing Center, Inc. v. Personal Safety Corp.*, No. 06CH678 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Intek Mfg. Co.*, No. 06CH14740 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Redwood Biotech*, No. 06CH15512 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Calderon Textiles, Inc.*, No. 06CH18542 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Total Sanity Solutions*, No. 06CH28491 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Med. Supply Tampa*, No. 06CH28661 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Cardinal Cartridge, Inc.*, No. 07CH1923 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. D.W.G. Inc.*, No. 07CH12558 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Facility Supply Systems*, No. 07CH14758 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. All Pro Elec., Inc.*, No. 07CH15898 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Medco Equipment. Inc.*, No. 07CH15902 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. M.M. Scrubs Dist. Inc.*, No. 07CH16977 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Woods Equipment Co.*, No. 07CH17444 (Cook County Ch. Ct.)

*Ballard Nursing Center, Inc. v. GF Health Prods. Inc.*, No. 07CH17443 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. DM Double Fortune Inc.*, No. 07CH17914 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Am. HealthService Co.*, No. 07CH20470 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Synertx Inc.*, No. 07CH20679 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. BES Industries Inc.*, No. 07CH23121 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Am Strategic Mgmt.*, No. 07CH23122 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Quadel Consulting Corp.*, No. 07CH23288 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Kaigler Co.*, No. 07CH23608 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Skil Care Corp.*, No. 07CH30049 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Enneking Medical Inc.*, No. 07CH38629 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. ATC Holdings, Inc.*, No. 07CH38630 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Hexagram Home Health*, No. 08CH994 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. MDU Enterprises Inc.*, No. 08CH3119 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Star Silk Woolen Co.*, No. 08CH4130 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Ergomed Products*, No. 08CH4632 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. KMI Supplies, Inc.*, No. 08CH5090 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Post Acute Care, Inc.*, No. 08CH6240 (Cook County Ch. Ct.)
*Ballard Nursing Center, Inc. v. Beitler Staffing*, No. 08CH7558 (Cook County Ch. Ct.)

Upon information and belief, formed by a review of the allegations of Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of the Complaint, Plaintiff has only one fax machine, to which each of the faxes in this case, and the offending faxes in the foregoing cases, were sent.  Upon information and belief, formed by a review of the electronic docket sheets in the foregoing cases, Plaintiff has given a release or a covenant not to sue in exchange for payment from various defendants sued in those cases, or may yet do so.  The harm alleged to have been suffered by Plaintiff by the deprivation of ink or toner and paper consumed by the receipt of the faxes in this case, and by the offending faxes in the other cases listed above, is an indivisible harm that is not reasonably susceptible to apportionment between Defendant and the defendants in those cases. Defendant acted in good faith, in an honest belief that it was privileged to send the faxes at issue by virtue of Plaintiff's prior consent, and with no intention to commit a trespass, to violate the law, or to otherwise injure the Plaintiff.  Therefore Defendant is entitled to a full or partial setoff in this case for payments Plaintiff has already received, or will yet receive, from the various defendants in the foregoing cases, or other cases which Plaintiff has yet to commence, pursuant to Section 2(c) of the Illinois Joint Tortfeasor Contribution Act and Illinois common law.

## SIXTH AFFIRMATIVE DEFENSE
### (*De Minimis Non Curat Lex*)

The doctrine of *de minimis non curat lex* ("the law does not concern itself with trifles") applies to bar Plaintiffs' claims for the miniscule and indefinite economic losses that it claims were occasioned by the deprivation of the ink or toner and paper which it seeks to recover under Counts II and III of the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Insufficiency of Process)

Upon information and belief, formed by the failure or refusal of Plaintiff or its process server to make a return of the original summons, there is an insufficiency of the process by which Defendant was summoned to appear before the Court and to answer Plaintiff's Complaint. This insufficiency of process is a full and complete defense to the entry of any judgment against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Insufficiency of Service of Process)

Upon information and belief, formed by the failure or refusal of Plaintiff or its process server to file proof of service with the court, there is an insufficiency in the service of the process by which Defendant was summoned to appear before the court and to answer Plaintiff's Complaint. This insufficiency of service of process is a full and complete defense to the entry of any judgment against Defendant.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction over the Person)

Defendant repeats, realleges and incorporates its SEVENTH AFFIRMATIVE DEFENSE and EIGHTH AFFIRMATIVE DEFENSE as if fully set forth herein. By reason of the insufficiency of process, or the insufficiency of service thereof, the court's jurisdiction over the person of the Defendant has never been acquired. This lack of personal jurisdiction is a full and

complete defense to the entry of any judgment against Defendant.

## TENTH AFFIRMATIVE DEFENSE
### (<u>Lack of Standing</u>)

Plaintiff lacks standing to recover damages with respect to faxes alleged to have been sent by or on behalf of Defendant following the commencement of this action, including all faxes alleged in Paragraphs 36(b), 52(b) and 65(b) of the Complaint alleged to have been sent following the filing of this action.

## ELEVENTH AFFIRMATIVE DEFENSE
### (<u>Statute of Limitations—Count I</u>)

With respect to certain faxes alleged in Paragraph 19 of the Complaint, the private right of action of 47 U.S.C. § 227(b)(3) invoked by Plaintiff under Count I did not accrue within 4 years next before the commencement of this action, or within such shorter limitations period as the Court may find applicable to that Count.  Therefore Count I is barred in part by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE
### (<u>Statute of Limitations—Count II</u>)

With respect to certain faxes alleged in Paragraph 19 of the Complaint, the private right of action of 815 ILCS 505/10a(a) invoked by Plaintiff under Count II did not accrue within 3 years next before the commencement of this action, or within such shorter limitations period as the Court may find applicable to that Count.  Therefore Count II is barred in part by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (<u>Statute of Limitations—Count III</u>)

With respect to certain faxes alleged in Paragraph 19 of the Complaint, the common law action invoked by Plaintiff under Count III did not accrue within 5 years next before the commencement of this action, or within such shorter limitations period as the Court may find applicable to that Count.  Therefore Count III is barred in part by the applicable statute of

limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (<u>Election of Remedies Doctrine</u>)

Plaintiff would be unjustly enriched by duplicative or multiple recoveries if a money judgment were entered against Defendant on more than one Count alleged in the Complaint. The election of remedies doctrine bars Plaintiff from obtaining a judgment that would allow it to recover any duplicative or multiple recoveries.

MID AMERICAN GROUP, INC.

By:    /s/   *Gregory L. Stelzer*
              One of Its Attorneys

Michael K. Desmond (6208809)
Gregory L. Stelzer (6256727)
FIGLIULO & SILVERMAN, P.C.
10 South La Salle Street, Suite 3600
Chicago, Illinois  60603
Telephone:  (312) 251-4600
Facsimile:  (312) 251-4610